UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CLARENCE EDWARD THOMAS**<br>    **LA. DOC #311880**<br>**VS.**<br><br>**BOSSIER MAXIMUM SECURITY**<br>**CENTER, ET AL.** | **CIVIL ACTION NO. 5:12-cv-2747**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Clarence Edward Thomas, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 23, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. When he filed his complaint he was either a detainee or a convict in custody at the Bossier Maximum Security Center (BMSC). He was transferred to the Richland Parish Detention Center approximately one week after filing, or on November 1, 2012. [See Doc. 5] He complains that he was denied meaningful access to the Courts during his incarceration at BMSC. He sued the facility, and Corrections Officers Major Harris and Captain Stokes. He requested appointment of counsel, access to a functional law library, an order prohibiting reprisals from Bossier Parish Sheriff's employees for filing his suit. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### Background

When he filed this complaint, plaintiff was confined at BMSC. It is unclear whether he was a detainee awaiting trial or a convicted inmate at the time he filed his complaint. In any event, the complaint, which was received and filed on October 23, 2012, claimed that there is no

law library for sentenced or un-sentenced inmates; no law librarian to assist inmates with pre-trial motions, appeals, or post trial motions; and the defendants disregard LDOC policy with regard to providing law libraries for convicts in LDOC custody. He also claimed that he is unable to file any post convictions, appeals, etc. into State or Federal Courts and has received no assistance despite repeated requests.

*Law and Analysis*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**2. Access to Courts**

Plaintiff complains that he was denied his constitutionally protected right of access to the courts during his confinement at BMSC. "It has long been recognized that prisoners generally

2

enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Plaintiff's pleadings have not demonstrated that his ability to prepare and transmit necessary legal documents to the court has been curtailed.

Further, in order for him to state a claim that he was denied his constitutional right of access to the courts, he must also "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. In other words, plaintiff, at the very least, must show that he was prevented from filing a non-frivolous pleading. While plaintiff has alleged in conclusory fashion that he suffered prejudice as a result of the inadequacies of the prison library, he has not demonstrated actual and specific prejudice as required by the jurisprudence. Indeed, plaintiff has implied, for example, that the deficiencies in the prison law library hindered his ability to file applications for post-conviction relief and habeas petitions. However, under Louisiana law, the

3

form required for such filings (which are made readily available to Louisiana inmates) requires a petitioner to site the facts in support of his claim for post-conviction relief and further directs – "No citation of authorities or legal arguments are necessary." [See Supreme Court Rules Appendix "A" Uniform Application for Post-Conviction Relief, Instructions, Paragraph 1] The same can be said of the form provided to prisoners in this District seeking habeas corpus relief pursuant to 28 U.S.C. §2254. In other words, to the extent that plaintiff seeks to collaterally attack a Louisiana conviction in either the Louisiana Courts of the Federal Courts, he must use the form provided for such purposes and allege the FACTS in support of his claims for relief. He has not demonstrated how the alleged inadequacies of the prison law library have hindered his ability to seek post-conviction or other collateral review of his conviction.

Further with regard to his claim that he or others have been denied the opportunity to prepare for the trial of pending criminal charges, or to file pre-trial motions, post-trial motions, or appeals, he likewise fails to state a claim for which relief may be granted. In *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir.1981) the Fifth Circuit held that in the absence of extraordinary circumstances, a criminal defendant represented by counsel does not have a constitutional right to file every *pro-se* motion he wants to file in addition to his attorney's motions. In *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996) the Fifth Circuit held that even an inmate who was offered but rejected the assistance of his court-appointed attorney "had no constitutional right to access a law library in preparing the *pro-se* defense of his criminal trial."

In other words, providing, or even offering to provide, legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (relying on *Bounds v. Smith*, 430 U.S. at 830, 97 S.Ct. 1491. In Louisiana, indigent defendants are entitled to and are routinely offered

representation by public defenders throughout all of the stages of the prosecution, including pre-trial, post-trial, and appeals. Plaintiff was not constitutionally entitled to access the law library with regard to any pending charges or with regard to an appeal. Further, even if he was entitled to such access, he has not shown prejudice resulting from the failure of the defendants to permit access.

Plaintiff has not been denied access to the courts either with regard to the litigation of this *pro se* civil rights complaint or with regard to his pending criminal charges. Plaintiff's access to courts claim fails to state a claim for which relief may be granted.

### 3. Mootness

Plaintiff has requested only prospective injunctive relief – access to a "functional" law library, and, an order banning the Bossier Parish Sheriff's Office from retaliating against plaintiff for filing suit. Plaintiff, however, was transferred to another facility within a matter of days after he filed this complaint. The transfer of a prisoner out of an allegedly offending institution generally render his claims for prospective injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001) (holding that transfer from unit rendered a prisoner's claims for declaratory and injunctive relief moot).

Plaintiff prays only for prospective injunctive relief; however, since plaintiff is no longer incarcerated at the BMSC and since he is no longer under the authority of the defendants, his

claims for injunctive relief are moot and subject to dismissal for failing to state a claim for which relief may be granted.

*4. Appointment of Counsel*

In his prayer for injunctive relief, plaintiff also requested appointment of counsel with respect to the prosecution of the instant complaint. [Doc. 1, ¶V(1)] Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of

evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself. Plaintiff has not demonstrated that he is unable to secure representation from an attorney or *pro bono* organization.

Plaintiff has managed to file his original complaint setting forth his cause of action against the named defendants. No special legal knowledge is required of plaintiff herein. Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. At this stage of the proceedings he need not be versed in the law so long as he can recite the facts and his demands with sufficient clarity, and that he has done so far. Accordingly, plaintiff's request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

### *Conclusion, Order, and Recommendation*

Therefore,

Plaintiff's request for appointment of counsel [Doc. 1, ¶V(1)] is **DENIED;** and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996),** *superceded by statute on other grounds***, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).**

In Chambers, Monroe, Louisiana, January 29, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

8